**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**YVETTE M. LAPLANTE**
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES MAYHUGH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A01-1403-CR-133 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable David D. Kiely, Judge
Cause No. 82C01-1203-MR-336

**January 23, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

James Mayhugh appeals the sentence imposed following his convictions for Murder,[1] a felony, and Theft,[2] a class D felony. Mayhugh challenges the appropriateness of his sentence in light of his character and the nature of the offenses.

We affirm.

On March 10, 2012, Mayhugh and his cousin, Herbert Mayhugh, attempted to burglarize the home of Keith Vaughn, who was disabled.[3] The record reflects that Mayhugh was having a sexual relationship with Vaughn's wife, and that she helped plan the crime. Mayhugh was armed with a knife when he entered Vaughn's home. Vaughn was at home, and at some point during the robbery he was stabbed in the neck. It is not clear from the record whether it was Mayhugh or his cousin who actually stabbed Vaughn.

Mayhugh was charged with murder, robbery, burglary, and theft. Mayhugh pleaded guilty as charged on October 23, 2013. The court merged the robbery and burglary charges with the murder conviction.

The trial court held a sentencing hearing on March 11, 2014. The trial court found that Mayhugh's decision to plead guilty, his remorse for his actions, his young age, lack of positive parental interaction, and unaddressed mental disorders were mitigating factors. The court identified Mayhugh's prior criminal history, his high likelihood to re-offend, and

---

[1] Ind. Code Ann. § 35-42-1-1 (1) (West, Westlaw 2013).

[2] Ind. Code Ann. § 35-43-4-2(a) (West, Westlaw 2013). Effective July 1, 2014, this offense has been reclassified. As currently written theft may range from a class A misdemeanor to a Level 5 felony. *See* I.C. 35-43-4-2 (a) (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). Because this offense was committed prior to that date, it retains the former classification as a class D felony.

[3] The Clerk's record in this case is small and almost completely devoid of facts involving the incident. The information provided herein is taken from the Transcript of the Guilty Plea, Transcript of the Sentencing Hearing and Appellant's Appendix.

2

that Mayhugh knew the victim was disabled as aggravating circumstances. The court then imposed a sentence of fifty years for murder, and a concurrent one-year sentence for theft. Mayhugh now appeals.

Mayhugh argues that his sentence is inappropriate based on the nature of the offense and his character. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. The Indiana Constitution authorizes independent appellate review and revision of a trial court's sentencing decisions. *Brown v. State,* 10 N.E.3d 1, 4 (Ind. 2014). The Supreme Court has delegated this authority to us through Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.* Mayhugh bears the burden on appeal of proving that his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

Mayhugh was convicted of murder and class D felony theft. Murder is punishable by a term of imprisonment between forty-five and sixty-five years, with the advisory sentence being fifty-five years. *See* Ind. Code Ann. § 35-50-2-3 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). Under the sentencing statute applicable at the time of these offenses, punishment for a class D felony ranged between six months and three years with the advisory sentence being one and one-half years. See Ind. Code Ann. § 35-50-2-7 (West, Westlaw 2013). Mayhugh was sentenced to fifty years for murder and a concurrent one-year sentence for theft. The advisory sentence is the starting point chosen by our legislature as an appropriate sentence for the crime committed. Therefore, the defendant "bears a particularly heavy burden in persuading us that his sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied*. The defendant's burden is even more formidable where, as here, he receives a sentence below the advisory.

Considering the character of the offender, we recognize that Mayhugh pleaded guilty and that the trial court credited his expression of remorse. We further note that he was seventeen years old when he committed the crime, he had a tumultuous upbringing, and dropped out of school at fifteen years old when he was in seventh grade. He has a history of mental health issues, and he first attempted suicide at age ten, after which he was treated for psychiatric disorders and prescribed medication. He stopped taking the medication and attempted suicide again at fifteen.

Also telling of his character, however, is that while in school he was expelled for smoking and fighting, and he had problems with truancy. Further, Mayhugh admitted that he first began using drugs and alcohol at age ten. Additionally, at the time of these offenses his habit was to smoke marijuana, smoke methamphetamine, and take six Xanax pills every day. We note that Mayhugh committed these crimes while on probation for a felony theft conviction in Georgia. Mayhugh's criminal history also includes a juvenile adjudication for burglary. Finally, Mayhugh knew Vaughn was disabled.

With regard to the nature of the offense, we note that Mayhugh conspired with his cousin and Vaughn's wife, with whom he was having a sexual relationship, to enter the home while armed with a knife and steal from Vaughn, whom Mayhugh knew to be disabled.

Based on the foregoing, we conclude that Mayhugh has failed to establish that the below-advisory, fifty-year sentence imposed by the trial court is inappropriate in light of the nature of the offense and character of the offender.

Judgment affirmed.

KIRSCH, J., and CRONE, J., concur.